IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| | : |
| POLAROID CORPORATION, et al., | : Bankruptcy Case No. 01-10864-PJW |
| | : Jointly Administered |
| Debtors. | : |
| | : |
| FUJI PHOTO FILM CO., | : |
| | : |
| Appellant, | : |
| | : |
| v. | : Civil Action No. 04-0213 |
| | : |
| POLAROID CORPORATION, | : |
| | : |
| Appellee. | : |

Joanne P. Pinckney, Esquire of BOUCHARD MARGULES & FRIEDLANDER, Wilmington, Delaware.
Of Counsel:  Thomas Field, Esquire, Lawrence Rosenthal, Esquire and Harold Olsen, Esquire of STROOCK & STROOCK & LAVAN LLP, New York, New York.
Attorneys for Appellant.

Michael L. Vild, Esquire and Christopher Ward, Esquire of THE BAYARD FIRM, Wilmington, Delaware.
Of Counsel:  Charles I. Poret, Esquire, Stephen J. Gordon, Esquire and Richard A. Stieglitz, Jr., Esquire of DECHERT LLP, New York, New York.
Attorneys for Appellee.

**MEMORANDUM OPINION**

June 27, 2005
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge.

Before the Court is an appeal by Fuji Photo Film Co. ("Fuji") from the Order dated February 18, 2004 granting the Debtor's motion to assume and assign a cross patent license agreement (the "License Agreement"). For the reasons discussed, the Court will affirm the Bankruptcy Court's Order dated February 18, 2004.

### PARTIES' CONTENTIONS

By its appeal, Fuji contends that the Bankruptcy Court erred in granting the Debtor's motion to assume and assign to OEP Imaging Corp. ("New Polaroid"), the purchaser of the Debtors' assets and executory contracts, a License Agreement between the Debtors and Fuji dated March 18, 1998. Fuji contends that the Bankruptcy Court's Order violates the prohibition under Section 365(c) of the Bankruptcy Code and applicable non-bankruptcy law against the non-consensual assignment of the right to further assign certain non-exclusive patent licenses. Fuji contends that the Bankruptcy Court had jurisdiction over which rights were assigned to New Polaroid and that this dispute was ripe for adjudication.

In response, the Debtors contends that the Bankruptcy Court correctly concluded that it lacked jurisdiction to adjudicate Fuji's request for a declaratory judgment that New Polaroid could not further assign the License Agreement. The Debtors contend that New Polaroid and Fuji are strangers to the bankruptcy

estate, and therefore, the Bankruptcy Court correctly concluded that it lacked jurisdiction to adjudicate any future, hypothetical dispute between them concerning a future assignment.

## STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance. In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

## DISCUSSION

The Court finds that, by its Order dated February 18, 2004, the Bankruptcy Court overruled Fuji's objection to the assumption and assignment of the License Agreement to New Polaroid. Further, the Bankruptcy Court concluded that it lacked jurisdiction to hear and determine Fuji's request for a declaratory judgment holding that New Polaroid could not further assign the License Agreement in the future. The Court concludes that what Fuji seeks, to reverse the Bankruptcy Court's failure to resolve a question that was not within its jurisdiction so as to negate the need for litigation in another forum, would be inappropriate.

In the Court's view, the Bankruptcy Court properly concluded that it lacked jurisdiction over the subsequent assignment issue, which involves parties unknown to the bankruptcy estate with respect to non-estate property. Once the License Agreement left the bankruptcy estate, the Bankruptcy Court's jurisdiction over that asset ceased to exist.

Accordingly, the Court will affirm the Bankruptcy Court's Order dated February 18, 2004, approving the assumption and assignment of the Fuji License Agreement to New Polaroid.

## CONCLUSION

For the reasons discussed, the Court will affirm the Order of the Bankruptcy Court dated February 18, 2004.

An appropriate Order will be entered.